#### FOR THE

### COUNTY OF FRANKLIN,

#### January Term, 1844.

---

PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE,
Hon. ISAAC F. REDFIELD, } Assistant Judges.
Hon. MILO L. BENNETT,

---

## Nancy Fitch v. Eliza S. Peckham, Executrix of Josiah Peck-ham.

When a woman, after the death of her husband, returns to her father's house to reside, and continues to reside with him many years, rendering such services as are ordinarily rendered by a child in the family of a parent, it is incumbent upon her, if she would claim payment for such services after the death of her father, to show that she performed the services expecting at the time to be paid therefor, and that the father so understood it, or that he had sufficient reason to believe that she intended to charge him for such services.

The defendant is entitled to prove, as tending to negative this fact, that, when the plaintiff came to reside in her father's family, she brought with her several young children, which were maintained by the father in his family, and at his expense; and, if the plaintiff's declaration be *indebitatus assumpsit* for work and labor, this evidence may be given under the general issue.

Fitch *v*. Peckham, Exr'x.

The last will of the father, together with a prior one executed by him, each of which contained bequests to the plaintiff, were also held admissible in evidence for the same purpose, in connection with evidence of admissions, made by the plaintiff, that no contract was made in relation to the services, and no account kept, and that she was satisfied with the provision made for her by the will.

Whether a bequest, made by a testator to one to whom he is indebted, shall operate as a satisfaction of the indebtedness depends upon whether it was so understood by the testator, and so accepted and received by the legatee.

*It seems* that the court will not reverse a judgment for an error in the charge given to the jury by the court below, if it is manifest that the jury decided the case upon other grounds, and without taking into consideration that part of the charge.

APPEAL from the probate court. The plaintiff declared in *indebitatus assumpsit* for work and labor ; plea, the general issue.

On trial the plaintiff gave evidence tending to prove that, on the death of her husband in 1823, she came to reside with the testator, who was her father, and continued to reside with him from that time until his death in 1840, assisting him in the management of his domestic concerns, and attending upon and nursing him after he had become aged and infirm ; and that such services could not have been obtained from a stranger without an expense of $1,50 or $2,00 per week. She proved, also, that the testator had said on different occasions that he intended that she should be well compensated for her services, for that he was dependent upon her care and attention, and must be, while he lived.

The defendant offered evidence tending to prove that, when the plaintiff came to her father's house in 1823, she brought with her three young children, and that another was shortly after born there, and that said children were supported and brought up in the testator's family, and at his expense. To this evidence the plaintiff objected, as being inadmissible under the general issue; but the court overruled the objection, and admitted the testimony.

The defendant also offered in evidence a will, made by the testator in 1835, and also his last will and testament, made in 1839, in each of which he had made bequests to the plaintiff. The plaintiff objected to the admission of the testimony, but the court received it. The defendant's testimony also tended to prove that in some instan-

ces the testator, when speaking of his intention to compensate the plaintiff, said that he had already made, or intended to make, provision for her by his will; and that, when his last will was made, he expressed his regret that he could not do as well for her as he ought to do and as she deserved.

The defendant also introduced testimony tending to prove, that, after the testator's death, the plaintiff expressed herself fully satisfied with the provision made for her by the will of 1839; and that she admitted before the commissioners that no contract for wages was ever made between her and the testator, and that no accounts were kept between them to her knowledge. Evidence was given on the part of the plaintiff tending to negative these admissions before the commissioners, but not to prove any declaration of the plaintiff to the contrary.

The plaintiff then introduced the records of the probate court, to show the amount of property assigned to her from her husband's estate, and evidence tending to prove that that property was expended in the support of her said children, or else went into the testator's possession, or for his benefit. She also proved that her father had her services, from the time she was eighteen years of age, for about thirteen years previous to her marriage, for which she received nothing but her board and clothing. The testimony given by her also tended to prove that the provision, made for her by the will of 1839, could be of little if any benefit to her, by reason of the manner in which it was made.

The court charged the jury that they might estimate the plaintiff's services for the thirteen years previous to her marriage, deducting a reasonable amount for her clothing, and then determine whether the balance, if any, was understood to be a debt, which she could have enforced against her father at that time,—and that, if they so found, they might consider that as a fund, carried back with her assigned property, towards the support of her children. That, if they found that this fund, together with her subsequent services, were more than sufficient to balance the expenses incurred by the testator in support of the children, the rendition of such services would, under the general rules of law, create an indebtedness, which might be enforced at law; but that, if the services were rendered, not with a view to any legal right to compensation, but in reliance upon the

kindness and generosity of the testator, to be manifested in his will, then there was no legal claim for the services, but the legacy was the only compensation that could be exacted, and a verdict should be returned for the defendant.

The jury were also told, that whether the bequest in the will ought to be applied in satisfaction, or part satisfaction, for the services, would depend upon extraneous evidence, and chiefly upon the conduct and declarations of the plaintiff; and that, if they were understood and actually accepted by the plaintiff as a satisfaction, a verdict should be returned for the defendant. The jury were also told, that, under the circumstances of the case, they might, in making up their verdict, take into consideration the value of the bequest; and, if they found it sufficient to pay the plaintiff's claim, return a verdict for the plaintiff for nominal damages,—or for the difference, if not sufficient.

The jury returned a verdict for the defendant. Exceptions by plaintiff.

*Smalley, Adams* and *Hoyt* for plaintiff.

I. The evidence, offered on the part of the defendant, of a claim against the plaintiff on account of the alleged support of herself and children by the plaintiff's testator, prior to the performance of the services to recover for which this action was brought, was inadmissible under the general issue. If the defendant would have availed herself of any such claim, it should have been pleaded in offset. 1 Chit. Pl. 469—473.

II. The wills referred to in the case were improperly admitted in evidence.

1. There was no evidence in the case to show that the plaintiff knew of the testator's intention to make a will, or that he had made any testamentary disposition of his property, till after his death. It does not appear that the declarations of the testator, in reference to his intention to provide for the plaintiff, were made in the presence of the plaintiff. She ought not therefore to be prejudiced by them. *Fowler* v. *Fowler*, 3 P. Wms 353.

2. The court erred in directing the jury that, if they should find that the services of the plaintiff created no debt, or legal claim, but were rendered in reliance upon the affection and kindness of the

testator, to be shown in his will, their verdict should be for the defendant. This was giving up the whole case to the discretion or conjecture of the jury, without regard to the evidence. For the case does not show that any evidence was adduced tending to prove that the plaintiff agreed to perform meritorious services, and trust for compensation to the precarious reward which the kindness of the testator might bestow.

III. The charge of the court in regard to the construction of the will was erroneous in several particulars.

1. The jury were instructed, that, if they should find that a legal indebtedness did result from the services, yet they might consider the bequests in the will to the plaintiff as a satisfaction of her claim, if she understood and actually accepted them as a satisfaction. The legacies were absolute, and consequently the plaintiff had an absolute title to them, and a right to demand and receive them immediately on the death of the testator. By demanding and accepting them she cannot be deemed to have done more than to have demanded and received her own property. If, therefore, upon a true construction of the will, the legacies cannot be presumed to be a satisfaction of the plaintiff's claim, her mistaking her rights could not destroy or in any manner affect them.

2. The ancient rule in chancery, that, when a testator gave to his creditor a legacy equal to or exceeding the amount of his debt, the legacy should be considered a satisfaction for the debt, if not exploded by modern decisions, is not applicable to this case. 1. This rule has never been applied to an unliquidated claim. Toller on Ex'rs 338. *Williams* v. *Crary*, 5 Cow. 368. 2. When the testator makes express provision in his will, as in this case, for the payment of his just debts, and then bequeaths a legacy to one of his creditors, the rule does not prevail. *Chancey's case*, 1 P. Wms 409, and cases cited in note. *Strong* v. *Williams*, 12 Mass. 391. 3. The subject of the debt and legacy must be of the same nature, or the legacy can never be deemed a satisfaction of the debt. The plaintiff's claim is for a sum of money, due to her from the testator for work and labor done at his request, and for his benefit. No sum of money whatever is bequeathed to her by the will. *Eastwood* v. *Vinke*, 2 P. Wms 613. 2 Fonbl. Eq. 325, 570 *et seq.* and in notes. 4. It has never been held that a devise of land, or of an interest therein,

should be presumed a satisfaction for a debt. *Eastwood* v. *Vinke,* 2 P. Wms 613, *Strong* v. *Williams,* 12 Mass. 391.

3. The direction given by the court to the jury, that they were at liberty to ascertain the value of the bequests, and set off that value against the plaintiff's claim, is opposed by all the adjudged cases on the subject.

*H. R. & J. J. Beardsley* for defendant.

1. The testimony showing that the plaintiff, after her husband's decease, returned to her father's house with several small children, who were brought up in the testator's family, and at his expense, was properly admitted by the court. It is to be inferred from the bill of exceptions that the plaintiff, when she thus returned, made no contract for her services, kept no account of her labor, and made no charge for it until the testator's decease. It is proper, then, that the jury should examine into the amount of expenses incurred by the testator in support of the plaintiff's children, with a view of abating from the amount of the plaintiff's claim; and a plea in offset by the defendant was unnecessary, since the *balance* due on the whole account is all the plaintiff is in any event entitled to recover. *Green* v. *Farmer,* 4 Burr. 2221. Babington on Set-off, 4 *et seq.*

2. The wills of 1835 and 1839 were admissible in evidence, in connection with the testimony which tended to show that the plaintiff relied upon such provision as the testator might choose to make for her by his will, and accepted of the provisions under the will as a satisfaction for her services, in order to show the nature and amount of that provision.

But, admitting that the services were not performed under any such reliance, but that the claim for them was a legal and subsisting debt at the death of the testator, yet if the plaintiff, after the provision made for her in the will was known, *accepted* that provision in satisfaction of her claim, she is bound by it. The acceptance could not be shown, without showing that a provision was actually made,—and that could only be shown by the will itself.

3. The defendant insisted in the court below that, admitting that the plaintiff's services apparently created a legal debt, it was nevertheless all absorbed by the expenses incurred by the testator

in support of the plaintiff's children. This question was properly left by the court to the jury, and it is to be presumed that they had sufficient evidence on which to ground their verdict; and, indeed, the bill of exceptions details sufficient to warrant their finding.

4. There is no error in the charge of the court in reference to the effect of the bequest, if accepted by the plaintiff in satisfaction of her claim ; and the presumption must be that the jury had sufficient evidence upon the question submitted.

5. It is obvious, from the finding of the jury, that they never arrived at a consideration of the case as presented in the last clause in the charge of the court as detailed. in the bill of exceptions; otherwise their verdict must, of necessity, have been for the plaintiff. So far, then, as this part of the charge is concerned, it is an abstract proposition, upon which neither party can predicate an exception. At all events no ground of exception is afforded by it to the plaintiff, since, if there is error, it could only affect the defendant.

The opinion of the court was delivered by

WILLIAMS, Ch. J. It is apparent that the important question in this case is, whether the relation of debtor and creditor existed between the plaintiff and the testator. From the situation of the parties,—the plaintiff returning with her children to the house of her father, and living with him until the time of his death,—it was incumbent on her to show that she performed the services which were the foundation of her claim, expecting at the time to be paid therefor, and that the testator so understood it, or that he had sufficient reason to believe that she expected to make him her debtor for such services. No person is to be made a debtor without a contract, either express or implied. It seems, from the admission of the plaintiff, that no contract was made, and that no charge was made by her. The fact that a child continues to live with a parent after becoming of age, or returns to live with him, as did the plaintiff in this case, and becomes one of the family, does not ordinarily constitute the relation of debtor and creditor between them, so as to warrant a charge on the part of the parent for the board of the child, or on the part of the child for such services as are usually performed in a family by a child living with its parent.

The inquiry in this case was, what were the views and expecta-tions of the parties in relation to the services for which the plaintiff first advanced her claim, after the death of her father? To ascer-tain this fact, the evidence as to the return of the plaintiff with her children, and their being supported and brought up by the testator in his family and at his expense, was directly pertinent, as tending to prove that there was no employment of the plaintiff to labor for the testator, and that she could not have expected any pecuniary compensation for her services, rendered under such circumstances. The two wills were also pertinent evidence in the case for the same purpose. The fact that a will was made was proper to be given in evidence in connection with the admissions that the plaintiff was satisfied with the provisions of the will, that no contract for wages was ever made, and no accounts kept between them, and that she only expected to be *remembered* in her father's will, to show that she was so remembered, and that she did not, in her life time, contem-plate making him her debtor.

We think that the rule of law was correctly laid down in relation to a legacy operating in satisfaction of a debt. In the case of *Wallace* v. *Pomfret*, 11 Ves. 542, Lord Eldon admitted parol evidence to show that a testator did not by a legacy intend a satisfaction of a debt. In this case the evidence on this subject was admitted with-out objection. The charge of the court to the jury, on this evi-dence, appears to be unexceptionable;—that is, that if the jury found that the legacy was actually intended as a satisfaction of all claims of the plaintiff, and was so understood and accepted by her, they might return a verdict for the defendant. Whether the last clause in the charge was strictly correct or not, it is not important to inquire, as the jury have not given any damages, either nominal or actual. They did not, therefore, balance the services against the legacy, but have found that the testator was not indebted in any sum. The judgment of the county court is therefore affirmed.