COBB, ROLLINS & CO. *v.* CHARLES BISHOP, *Trustee of* JOHN BISHOP.

*Liability of a son for the services of his father who is living with and supported by him.*

A son, from filial duty, took his father and his family, who were poor and had no other home, to his own house and there supported them. The father labored for the son while so living with him, and his services were worth more than the support furnished, but he had never claimed any further compensation, and the son had not expected to make any. *Held*, in the absence of any proof of bad faith in entering into this arrangement, that the son was not chargeable, as the trustee of the father, for the value of the services above that of the support.

TRUSTEE PROCESS. The trustee disclosed, and the commissioner found the facts to be as disclosed, that for two years prior to the service of the writ, the principal defendant, who was the father of the trustee, had lived with him, and labored for him the most of the time; that he worked with the trustee and on the trustee's farm, whenever and as he chose, and not otherwise, and that the trustee had no control over his services;—that the trustee had, during that time, and for some time previous thereto, supported his said father and his mother, but had paid his father nothing for his services besides his and his wife's support; that there was no expectation, understanding or agreement, on the part of the trustee, or of his father, to the trustee's knowledge, that the father should be remunerated for his services otherwise than by the support of himself and his family; that no claim was made by the father for his services, or by the son for the support of his father and his family,— and that it was a mere matter of filial duty that he took his father home, for the purpose of giving him a home as long as the trustee himself had one; that his father was poor, and had no place to live at the time he came to reside with the trustee. The commissioner further found that the services of the principal defendant had been worth to the trustee, over and above his support, and that of his family, an amount exceeding the plaintiffs' judgment against him, but, upon the above facts, decided that the trustee was not chargeable. The county court, December Term, 1854,—POLAND, J., presiding,—rendered judgment in accordance with the decision of the commissioner, to which the plaintiffs excepted.

*H. F. Prentiss* for the plaintiffs.

Admr. of Way, Jr., *v*. Estate of Way.

*J. L. Edwards* for the trustee.

The opinion of the court was delivered by

BENNETT, J. We think the judgment of the county court, discharging the trustee, should be affirmed. It is evident that when the son took his father's family home, he did not become legally liable to pay for what he might choose to do upon the farm. The disclosure is, that the son was induced to do it from filial duty, as the father was poor, and destitute of a home for himself and family.

The commissioner does not even find that there was any expectation in the son to pay for the personal services of the family, except by giving them a support; or any expectation in the father to ask it. If this family arrangement, between the father and son, had been entered into in *bad faith*, and with an intent to avoid claims of the creditors of the father, or to enable him to acquire a false credit, it might present a different question; but there is no such finding, and it is not to be presumed. It is no unusual family arrangement.

Judgment of the court below affirmed.