ZIBA SPRAGUE, *Administrator of* TIMOTHY BROOKS *v.* CHARLES WALDO, *Administrator of* CLARISSA ARNOLD, AND LORENZO BELKNAP, *and Cross Bill.**

[IN CHANCERY.]

*Commissioners.    Deed.    Chancery.    Husband and Wife.*

B. conveyed his farm by deed to his daughter for love and affection, and without any pecuniary consideration. After his death A., his daughter's husband, presented a claim against B.'s estate which was allowed by the commissioners. After the daughter's death B.'s administrator brought a bill in chancery to have said conveyance set aside and annulled on the ground that it was executed for the purpose of avoiding the payment of A.'s claim against B. *Held,* that the claimants under the deed to the daughter were in no manner bound by the allowance or judgment of the commissioners.

After A.'s marriage he resided with his father-in-law as a member of the family, receiving support and performing services. *Held,* that the law would imply no contract by which the relation of debtor and creditor arose between them; the same rule applying as in case of a child remaining at home after arriving at full age. In order to create any right of recovery either way, for support, or service, an express contract must be shown.

*Held,* that there was no just occasion or necessity for the claimants to file a cross bill praying for a decree that the orator in the original bill might be ordered to give up the possession of said farm, they having sufficient remedy, either in a defence to the original bill, or in an action of ejectment.

BILL IN CHANCERY. The orator sought to have a conveyance of a certain farm set aside and annulled. The ground of the claim and the material facts in the case are sufficiently set forth in the *syllabus* and opinion of the court. The orator was in possession of the premises in question, and the defendants filed a cross bill setting forth that the claim of Sprague Arnold referred to in the opinion was fraudulent and the allowance of it by the commissioners on Brooks' estate, was fraudulently obtained, and praying that the orator might be ordered to yield up the possession of said farm to the defendants. The cause was heard on bill, cross bill, answers and testimony, at the January Term, 1864, PECK, Chancellor, when it was decreed that the orator was not entitled to the relief sought, that he should surrender the possession of the premises to the de-

---

* A case pertaining substantially to the same subject matter and between some of the same parties, was heard at the March Term, 1863, and is reported in the 36 Vt., p. 204.

fendants, pay rents and profits from April 1st, 1861, and that Waldo and Belknap recover costs,—from which decree the orator appealed.

*Wm. Hebard,* for the orator.

*P. Perrin, L. B. Peck* and *B. F. Fifield,* for the defendants.

The opinion of the court was delivered by

POLAND, Ch. J.   The orator seeks to have a conveyance from his intestate, Timothy Brooks, to his daughter, Mrs. Arnold, set aside, and annulled, on the ground that the same was executed for the purpose of avoiding the payment, and preventing the collection of a debt due from himself to Sprague Arnold, the husband of his daughter; and alleges that if there was no actual intent to defraud Arnold by the conveyance, that the deed was a deed of gift, supported by no pecuniary consideration, and that Brooks did not retain sufficient other property to enable him to satisfy his debt to Arnold, and that therefore in law the conveyance is invalid as to him.

The whole foundation of the orator's case rests upon the fact that Arnold was a creditor of Brooks, at the time of the conveyance.   If that fails, the whole case must fail.

1.   The orator claims that this matter is concluded by the allowance or judgment by the commissioners in favor of Arnold against the estate of Brooks.

Conceding that the allowance was in due and regular form, and free from any collusion, then it was conclusive as between the estate of Brooks and Arnold, for the purpose of the settlement of Brooks' estate, and all claiming interests in the estate of Brooks, as creditors or heirs, and whose interests might be affected by such allowance, would also be concluded by it.   All having such rights and interests are represented by the administrator, and therefore in a legal sense are parties or privies to the judgment.

But Mrs. Arnold, or her heirs, who are now the persons really interested in her title under the conveyance from her father, are making no claim through the estate of Brooks, or claiming any interest in the estate.   They claim by a title wholly independent of any interest in that estate, and that this land was never any part of Brooks' estate, or liable to be treated as such.   The heirs of Mrs.

Sprague, Adm'r, *v.* Waldo, Adm'r, et al.

Arnold claim it as the heirs of her estate, and not as heirs of the estate of Brooks. They are therefore strangers to the judgment by the commissioners between Arnold and the estate of Brooks. They were not represented by the orator as Brooks' administrator, because they had no interest in Brooks' estate. Waldo, the representative of Mrs. Arnold, represented them so far as her estate was concerned, but not in reference to Brooks' estate.

The claimants under the deed to Mrs. Arnold are not therefore in any manner bound by this allowance of the commissioners.

2. The orator therefore in order to succeed must establish by his evidence the existence of a debt by Arnold against Brooks.

The claim is mainly for services of Mrs. Arnold in the family of Brooks, and some small account for his own services.

Mrs. Arnold had resided with her father up to her marriage with Arnold, and continued to do so after her marriage with him up to her death, and after the marriage Arnold himself became a member of the same family, all living together.

It is well settled by repeated decisions in this state that when a child after becoming of age remains at home, continuing a member of the family, receiving support, and performing services, the law implies no contract by which the relation of debtor and creditor arises between the parent and child, and in order to create any right of recovery either way, for support, or service, an express contract must be shown. There is no attempt to show that there was any such contract in this case, no claim there ever was any made. When Arnold upon his marriage took up his abode in the family of his father-in-law Brooks, the same principle applied to him, and no contract would be implied that he was to pay for his living, or be paid for his services. There is no proof, and no claim, there was any contract by which he was to be paid.

The whole history of their manner of living together, the carrying on of the farm by their mutual exertions, the furnishing of supplies by each, the taking and use by each of the products of the farm, and all without the slightest attempt on either part to keep any account whatever, renders it perfectly clear as we think that neither party ever expected that any accounting was to be had between them in relation to those matters, or that any debt arose to either out of such

transactions.  If this view needed any strengthening, it is afforded by the long silence and failure of Arnold to set up any such debt against Brooks' estate, until after the decease of his wife in July, 1860, Timothy Brooks having died in February, 1853, and though it may not make technically a defence under the statute, it affords strong presumption against his having due him such a large debt.

But on another ground the orator fails to make out such a debt due from Brooks to Arnold.   We are not satisfied from the evidence that Arnold was not fully recompensed for all the services performed, either by himself, or his wife, by the support they received.

The orator's case failing upon this fundamental ground, there is no occasion to consider other questions made in the argument, as to the case under the original bill.

As to the cross bill.   It seems to us there was no just occasion or necessity for this cross bill.   If Arnold had no valid debt against Brooks' estate, it was equally available as a defence to the original bill.  If the allowance was shown to be collusive and fraudulent, there was no need of the cross bill, for such allowance if ever so valid, did not bind those claiming the land under Mrs. Arnold.   The utter want of merit in the claim made by Arnold against Brooks' estate, furnished no ground to ask the interposition of a court of equity, as that was equally available as a defence at law to the claim.

If the orator was wrongfully in possession of the land, and had taken the rents and profits, the defendants had no need to ask the aid of chancery to obtain the possession of the land, or the rents and profits the orator had received.   An action of ejectment was the appropriate and ample remedy for such injury.   The decree made under the cross bill we think was erroneous.   The decree is reversed, and case remanded with directions to dismiss the original bill with costs to the defendants, and also to dismiss the cross bill with such costs to the defendants therein as have been made, defending against the same.