CLARK HARRIS *v.* DAVID CURRIER, JOHN T CURRIER TRUSTEE.

*Parent & Child. Trustee. Contract. Presumption.*

When a father, with his family, lived with his son and performed for him valuable services, more than the support of the father and family are worth, it was held in a suit against the father and the son as trustee, that the relation of parent and child rebutted the general presumption that would arise between strangers from the performance of valuable services by one for the other, and raises the presumption that the services were rendered because of the relationship, and no promise to pay for them is implied.

The same relation rebuts any presumption that a loan made by the son to the father, without reasonable expectation of repayment, was in fact a payment upon a just debt, and raises the presumption that the loan was made, and the risk of repayment taken, on account of the relation, and not for any other purpose.

DEBT ON JUDGMENT. The commissioner to take the disclosure of the trustee, reported the following facts :

In 1857, the defendant, for a valuable consideration, conveyed all his property, real and personal, to his son, John T. Currier, trustee in this suit. After said conveyance, the defendant worked for said John T. Currier, and for a large part of the time he and his family lived with said John T. but the defendant's services were worth much more than the support of himself and family. There was no contract or stipulation between the defendant and his son, John T., as to his labor. No accounts were kept between them by either party, but the father continued to labor for and live with his son for ten years. John T. then sold the property conveyed to him by the defendant. As part payment for the same, he received a note for $500, which he discloses that he lent to his father to buy a team with, but the father was then insolvent, and had been so for ten years, and the commissioner finds that this note was either a gift in substance, from motives of filial affection, or it was from a conviction that the father was entitled to something out of the property for his ten years' services beyond the support which he had received.

If the court be of opinion as a conclusion of law, that the trustee should be held chargeable in this case, or if they can and do infer as a fact under these circumstances a promise to pay wages to the defendant, then the commissioner finds that at the time of the service of this process, when the defendant had been at work for his son about nine years, his wages over and above his support would at that time amount to a sum equal to the judgment to be rendered in this case against the defendant.

The commissioner expressed no opinion whether the supposed trustee is chargeable or not, but referred the matter to the court, and the court at the September term, 1871, Ross, J., presiding, rendered judgment *pro forma*, that the trustee be discharged. Exceptions by the plaintiff.

*Chs. N. Davenport*, for the plaintiff.

*Horatio N. Hix*, for trustee.

The opinion of the court was delivered by

WHEELER J. The relation that existed between the defendant and trustee rebuts the presumption that generally would arise

between strangers from the performance of valuable services by one for the other, with the knowledge of the other, upon which the law ordinarily would raise an obligation to pay reasonable wages, and raises the presumption that the services were performed on account of the relation, and not for wages, and no obligation to pay wages is implied. The same relation rebuts any presumption that the loan made, without reasonable expectation of repayment, was in fact a payment upon a just debt, and raises the presumption that the loan was made and · the risk of repayment taken on account of the relation, and not for any other purpose.

Judgment affirmed.