# M. V. B. ASHLEY AND WIFE, ELLEN ASHLEY *v.* C. R. HENDEE.

*Master and Servant. Servant as Member of Family. No Implied Promise. Burden of Proof. Presumption.*

1. The question being whether the female plaintiff prior to her marriage worked for wages or only as a member of the defendant's family for her support, *Held*, that it was incumbent on the plaintiffs to prove an express agreement, or, such a state of facts as satisfactorily showed that both parties at the time expected and understood that her services were to be paid for.

2. The plaintiff testified that the defendant told her to stay there and he would do well by her, that he wanted her to work for him, that he was going to pay her, *Held*, that this tended to support the plaintiffs' claim, and therefore the defendant was not entitled to have a verdict directed in his favor.

3. CHARGE TO JURY. Singling out and giving undue prominence to certain facts is improper in a charge; thus, the court properly refused to charge that one of the defendant's statements, selected out of several, did not constitute proof of a contract.

4. RECEIPT. A charge of the court (which see) as to the conclusiveness of a receipt is sustained; also the court is sustained in omitting to charge as to the effect of non-payment, at the time, of the sum named in the receipt.

5. DURESS. The court properly refused to charge as to duress, when there was no evidence tending to show it.

14

6. No Implied Promise. The plaintiff left the defendent's family after living in it as a member for several years, and in a few weeks returned. *Held*, that the law would not imply a promise to pay for work done thereafter; that the plaintiffs must prove an express contract, or facts that indicated that both parties expected she was to be paid; and that the same rule obtained although it was agreed when she left, that the family relation should cease.

7. Burden of Proof. The burden of proof was on the plaintiffs to produce evidence enough to establish the contract and overcome the presumption that she was at work for her support.

Assumpsit. Plea, the general issue, with notice of payment, accord, and satisfaction. Trial by jury, September Term, 1882, Rutland County, Veazey, J., presiding. Verdict for the plaintiff.

The plaintiffs claimed to recover for the services of Mrs. Ashley (formerly Ellen F. Westcott), alleged to have been performed in the defendant's family, as his housekeeper from the death of his mother, December 12th, 1874, to the plaintiffs' marriage, April 7th, 1880.

The testimony on the part of the plaintiffs tended to prove that said Ellen when eight years old was taken to be kept until she was eighteen, by Mrs. Hendee, mother of defendant; that she thereupon became a member of the family, which consisted of said Mrs. Hendee and her two sons, the defendant, and George G., who was and is insane; that she lived in this relation until a short time after she became of age, which was in May, 1871, when she went to Burlington to learn the milliner's trade; that she remained at Burlington about six weeks, when she was sick, and Mrs. Hendee wrote to her to come back, and so she returned to Mrs. Hendee's, and afterwards continued to reside in the said family until her marriage; that her duties prior to Mrs. Hendee's death, consisted in assisting her generally in the work of the household; that after Mrs. Hendee died, the said Ellen was the housekeeper in charge of the domestic affairs, and doing the family work; that the work was considerable, including some labor out of doors in the way of preparing wood, milking cows, etc., also taking care of said George, who was kept in an upper room; that one Granger, an uncle of

Mrs. Hendee's boarded in the family until his death, in 1878, and one summer there was a house full of boarders from the city, relatives of the family; that she was accustomed to speak of the place as her home, and in fact had no other.

Before going to the jury the plaintiffs waived their claim for services performed for the defendant's mother.

The plaintiff, Ellen, testified as to the receipt, that just before her marriage, the defendant by threats and promises induced her to sign a paper, which proved to be the following receipt:

"Received at Pittsford, March 26, 1880, from C. R. Hendee and George G. Hendee (at the hands of C. R. Hendee), ten dollars in full of all claims and demands to this date.

(Signed)      Ellen F. Wescott."

She also claimed that at the time the receipt was given he promised to pay her; that the following were some of his sayings:

" Ellen, I am going to pay you; I cannot pay you now, you will have to wait; that he did not do it to cheat me out of a cent I had earned and I should have it; that he did it to let his creditors know I wasn't going to take away anything with me, he was going to pay me but couldn't do it then." At another time he said, " Ellen, I am going to pay you, but cannot pay you now, you will have to wait."

" He said he did owe me and was going to pay me; and at another time, not to be scared, he was going to pay me."

The defendant's evidence tended to show that the said Ellen worked as a member of his family; that after her return from Burlington it was talked over and agreed by said Ellen and his mother, in his presence, that she was to resume her position as a member of the family; that she was always so treated and considered up to the time of his marriage; that she was accustomed to purchase supplies for the house and for himself, indiscriminately, having access to the money in a drawer, and in defendant's wallet, no accounts being ever kept, and at all times acting as a sister would act in the management of the domestic affairs, after Mrs. Hendee's death; that she often declared to the defendant and to several of defendant's witnesses that she was living there as her home, and as a member of the family, and not for

wages, and preferred to live so and have privileges in that way that she could not have if working for wages, and that she should not work out for wages, but intended to live there until she would be married; that she was always well dressed, and had the use of some of the board money received for that purpose, and sold the farm products to some extent, using the proceeds for household expenses and for her personal uses, purchasing at her option, and had the use of a horse and carriage at her pleasure, and in all ways conducted herself as a sister in the family would do.

The defendant's evidence also tended to show that said Ellen signed the receipt without objection, and without making any claim for more pay.

At the close of the testimony the defendant requested the court to direct a verdict for the defendant, which the court declined to grant. The court charged:

"If there was a substantial break off, a distinctive termination of all home relation, when she was eighteen, and it was so understood all around, and she went away with no expectation of any further continuance of the old relation, and she was to be like any stranger thereafter, and she came back after such break and termination of all former relations, and went to work at the defendant's request, the law would in such case imply a promise to pay for her work; and the burden would be on the defendant to overcome the presumption of a promise." To which charge the defendant excepted.

The defendant further requested the court to charge as follows:

"*First,* If the receipt was given understandingly, without fraud or duress, it cuts off the plaintiff's right of recovery.

*Second,* Duress is not shown by proof of refusal of the defendant to let the plaintiff be married there, or by any of the conversation testified to by the plaintiff, even if believed. If she had desired to preserve her right of action she was at liberty to do so, for all that appears from the testimony.

*Third,* And it is not material that ten dollars were not paid in money at the time. If plaintiff gave credit for it, she had a right to sue for and recover the balance, and has that right still, the new contract being substituted for all pre-existing claims."

The court declined to charge as requested; to which the defendant excepted. Upon this subject the court charged:

Ashley *v.* Hendee.

" If the matter of the receipt was just as the defendant claims it, it is a good defence. A receipt is not necessarily a bar to recovery ; it bears on the question as to what took place between them. If the transaction was as plaintiff claims, she is entitled to recover, provided her case is made out in other respects, notwithstanding the receipt. This is a simple receipt not under seal, and it is open to explanation and even contradiction by parol evidence. Notwithstanding the receipt the plaintiff is not precluded from showing the purpose for which it was given, or from showing an agreement at the time, on the part of the defendant to pay her a further sum. It tends to show a settlement and receipt in full of all demands and of this demand. But if the parties did not so intend or understand it, then the real intention and understanding, when found by you, must prevail. You have heard her claim about it, and the defendant's claim ; you have the receipt ; you have the fact of her service and the circumstance under which it was rendered, and all the circumstances developed by the evidence, so far as they bear on this question, as to what took place in fact and what, if anything, was left to be done and agreed to be done. If it was, as the receipt on its face imports, a settlement, and so intended, then the plaintiff cannot go behind it ; if, on the other hand, the receipt was given for the purpose, and with the understanding and agreement as the plaintiff states it, then she may recover, notwithstanding the receipt unexplained would be a defence. Has she fairly overcome the *prima facie* effect of the receipt ?"

The court further charged : " The burden is on the plaintiff to make out her case and to overcome the presumptions that I have alluded to. If you find the facts to be such as to raise presumptions against her ; if you are fairly satisfied that the balance of proof is in her favor on the points made, then the burden is made out ;" to which charge the defendant excepted. On this subject the defendant had requested the court to charge as follows : " The legal presumption in the case is that the services were performed in view of the continuance of the pre-existing relations of the parties and not in the expectation of receiving wages." Also as follows : " This presumption can be overcome only by adequate proof of an agreement binding upon both parties, and understood and acted upon by both parties, and the burden of proof is on the plaintiff." Also as follows : " The proof to entitle plaintiff to recover must be unequivocal, and so clear, direct and explicit as to fairly satisfy the jury that there was an existing mutual understanding ; that

the services were rendered and received in expectation of the payment of wages." Upon this subject the court charged as above, and also as follows : "Owing to the way she had been living there prior to eighteen, as a home, without pay, treated as a child, having schooling, clothing, etc., if there was no substantial change or break at the end, the presumption would be that the same relation continued, just as in the case of a daughter who continues to live along, just the same after eighteen as before. If it had not been for this there would be an implied obligation to pay for her services, just as in the case of a man going to work for you without any express promise on your part to pay, the law would imply one. But when your own son remains at home after his majority, doing just as he did before, the law does not imply a promise to pay him, but the presumption is the other way ; and in order to collect pay, he must prove a contract, a promise to pay ; he must show that such was the fair understanding of the parties, and must produce evidence enough to over come the presumption and establish the fact of a contract arrangement. The law requires this to be clearly established by evidence. What was the undertanding between the parties ? Has she shown that the defendant gave her to understand, or that she had a right to fairly understand from what the defendant said and did that she was to be paid ? Did these parties clearly understand they were dealing as debtor and creditor, and that the service was for wages, and not for support ? If this is established she may recover."

The other facts are sufficiently stated in the opinion of the court.

*Prout & Walker,* for the defendant.

Under the facts of this case it was necessary for the plaintiffs to prove an "express promise" by clear, distinct and unequvoical evidence.

She offered no fact sufficient to bring her case within the rule. 2 Chit. Con. 837, n.; *Andrews* v. *Foster,* 17 Vt. 555 ; *Lunay* v. *Vantyne,* 40 Vt. 501 ; *Fitch* v. *Peckham,* 16 Vt. 150 ; *Davis* v. *Goodenow,* 715 ; *Harris* v. *Currier,* 44 Vt. 468 ; *Sprague* v. *Walds,* 38 Vt. 139 ; *Bundy* v. *Hyde,* 50 N. H. 116 ; *Briggs* v. *Briggs,* 46 Vt. 571 ; *Duffy* v. *Duffy,* 44, Penn.

St. 399; *Davis* v. *Davis,* 9 C. & P. 87; *Williams* v. *Hutchinson,* 3 N. Y. 312; *Candors Appeal,* 5 Watts & Serg. 513.

The charge that a return after a "substantial break off" would change the legal presumption was wholly erroneous.

The presumption in such case is precisely opposite to that stated by the court, to wit: that the former relation was resumed. *Davis* v. *Goodenow, supra; Fitch* v. *Peckham, supra; Briggs* v. *Briggs, supra.*

*Redington & Butler,* for the plaintiffs.

The charge of the court as to the receipt was proper, also its omission to charge as to duress. 4 Vt. 312; 9 Vt. 41; 18 Vt. 594; 21 Vt. 222; 46 Vt. 158.

The plaintiff proved, and the jury doubtless found, that there was an express promise on the part of the defendant, as they were satisfied she told the truth about the receipt.

The jury at least found that at the time it was expected by both that she should receive a reasonable compensation; that the circumstances under which the services were performed were such that such expectation was reasonable and natural. 17 Vt. 556.

Other reported cases in Vermont upon this subject are cases where a relationship exists between the parties, and the plaintiff has or is supposed to have by nature some interest in the defendants. (See cases cited in the plaintiff's brief.)

The opinion of the court was delivered by

TAFT, J.   I.   The defendant moved that a verdict be directed in his favor. To entitle the plaintiffs to recover it was incumbent upon them to show that Mrs. Ashley was at work for the defendant under an express agreement for pay, or, such a state of facts and circumstances as satisfactorily and fairly showed that both parties at the time expected and understood that her services were to be paid for. The plaintiff, Ellen, testified that the defendant told her to stay there and he would do well by her, that he wanted her to work for him, that he was going to pay her, that he wanted her to stay with him. This evidence

tended to support the plaintiffs' claim, and therefore they had the right to have the question submitted to the jury ; the motion was properly denied.

II. The foregoing question was, in effect, the same one that arose on the exception to the charge that the plaintiffs might recover if the facts were found to be such as their evidence tended to show; and for the reason above given there was no error in this respect.

III. The defendant requested the court to charge that if the jury found that the "defendant told the plaintiff to stay there and he would do well by her," that such statement did not constitute proof of a contract upon which assumpsit could be maintained. Such statement was but a fragment of the evidence and the court was right in declining to give such an instruction. Singling out and giving undue prominence to certain facts, ignoring other facts of equal importance in a proper determination of the case, has been held improper ; (Sackett's Instructions to Juries, secs. 11 and 12) ; and if such instructions are erroneous, requests for them must be equally so. This view of the case is sustained by *Thornton* v. *Thornton*, 39 Vt. 122.

IV. In reply to the request that " If the receipt was given understandingly, without fraud or duress, it cut off the plaintiffs' right of recovery," the jury were told that if the matter of the receipt was just as the defendant claimed it, it was a good defence ; if it was as the receipt on its face imported, a settlement, and so intended and understood, then the plaintiffs could not go behind it. We think the charge is couched in stronger terms in favor of the defendant, than the request called for and was not error.

V. As to the matter of duress, there was no evidence in the case tending to show it, and the court would not have been justified in giving instructions upon that subject.

VI. There was no error in the omission of the court to instruct the jury as to the effect of the non-payment, at the time, of the sum named in the receipt. The law, as to the receipt and

its effect, was properly and fully explained, and as we think favorably so for the defendant.

VII.  This case was tried upon the theory that before Mrs. Ashley went to Burlington in her nineteenth year, she was a member of Mrs. Hendee's family, and that while at work as such, the law implied no promise to pay for her services.  She left, and in a few weeks returned; and the main question litigated upon trial was, whether her former relation as a member of the family revived upon her return and so continued, or, was she at work under a contract for wages?  The court charged the jury that if upon her leaving home, after she became of age, the family relations ceased, and it was so understood by both parties, and she subsequently returned and went to work at the defendant's request, the law would imply a promise to pay for her services.  The evidence of the defendant tended to show, and the trial proceeded upon the theory, that the relations which Mrs. Ashley sustained to the family were the same after her return to it as they were before she left it, and that after his mother's death he stood in the same relation to her that his mother had. If such facts were found in favor of the defendant, the fact of the character in which she returned, whether as a servant or a member of the family, becomes material, and we think that upon her return, the law would imply no promise to pay for her services, although it was agreed at the time she left that their family relations had ceased as stated in the charge ; but her recovery must depend either upon express contract, or such a state of facts and circumstances as indicated an expectation of both parties that she should be paid for her services.  Such instructions should have been given ; not having been, there was error.

VIII.  The charge of the court upon the burden of proof, and what it was necessary the plaintiffs should show, to entitle them to a recovery, in case there had been no change in their former relations, was sound law, and is the correct rule governing such cases, viz : that the burden of proof was on the plaintiffs, that they must overcome the presumption that Mrs. Ashley was serving without pay, that they must clearly establish a

contract that she was serving for wages, not for support; that she must produce evidence enough to overcome the presumption and establish the contract arrangement.

For the error indicated let the judgment be reversed and cause remanded for a new trial.