CHARLES C. SAWYER *v.* CATHERINE B. HEBARD'S
. EST.

*Parent and Child. Express Contract. Mother-in-Law,
board of. Son-in-Law. Funeral Expenses. Settlement
of Estates.*

1. A son-in-law cannot recover for boarding his mother-in-law twenty-six and a half weeks in all, on five different occasions during four years, the stays or visits being made sometimes at the suggestion of her daughter, and sometimes of the physician, when the auditor was unable to find that she expected to pay. It . was necessary to prove either an express contract or a mutual expectation of the parties that the board should be paid for.

2. Funeral expenses should not be brought before commissioners; such expenses are against the administrator, and should be first paid.

HEARD on an auditor's report December Term, 1885, TAFT, J., presiding. Judgment for the plaintiff to recover $51.38. Exceptions by the plaintiff. The court disallowed the charges for board. The auditor found that the charges were reasonable, and that appellant expected to be paid for the board.

*T. O. Seaver,* for the plaintiff, cited *Doane* v. *Doane,* 46 Vt. 495; *Briggs* v. *Briggs,* 46 Vt. 578. .

*S. M. Pingree,* for the defendant.

The opinion of the court was delivered by

Ross, J. I. The principal contention is, whether the plaintiff has a lawful claim against the intestate's estate, for boarding the intestate, on the occasions for which he has charged. The intestate was the mother of the plaintiff's wife. The auditor has found, that during the last four years of the intestate's life, she went to the plaintiff's house on five different occasions, and remained in all, twenty-six

and one half weeks; that, on these occasions, the plaintiff's wife, by his direction, made entries on his book of the time the intestate remained, and charged for her board; that the intestate knew nothing of these charges; and the auditor is unable to find that the intestate expected to pay for board during these stays with her daughter. The intestate was not in good health, and these stays, or visits, to her daughter were generally immediately after a poor spell, and were made, sometimes, at the suggestion of the daughter, and, sometimes, at the suggestion of the physician. The parties had dealings as to other matters, of which they kept an account. The question is, whether, on these facts, the plaintiff is entitled to recover for the board thus furnished? We think that he is not. It has long been settled law, in this State, that, when the parties sustain the relation of parent and child, to entitle either to recover against the other, for services, or support, it must be shown, that the services were performed, or the support furnished, under an express contract, in regard to pay for the same, or under such circumstances as show a mutual expectation of the parties, that the services, or support should be paid for. *Fitch* v. *Peckham*, 16 Vt. 150; *Andrus et ux.* v. *Foster*, 17 Vt. 556; *Cobb, Rollins & Co.* v. *Bishop & Tr.* 27 Vt. 624; *Adm'r of Way* v. *Way's Est.* 27 Vt. 625; *Davis* v. *Goodenow*, 27 Vt. 715; *Putnam* v. *Town*, 34 Vt. 429; *Sprague* v. *Waldo*, 38 Vt. 141; *Lunay* v. *Vantyne*, 40 Vt. 501; *Harris* v. *Currier*, 44 Vt. 468; *Doane* v. *Doane*, 46 Vt. 485; *Briggs* v. *Briggs*, 46 Vt. 571. An examination of these cases shows that no definite rule has been, or can be, laid down, in regard to what the circumstances must be, to show a mutual expectation to pay for such services, or support, and that each case, in this respect, is made to turn largely upon its own peculiar circumstances. The case of *Sprague* v. *Waldo* decides that a son-in-law is treated the same as a son in this respect. As said by Chief Justice SHAW in *Guild* v. *Guild*, 15 Pick. 129, and approved in *Andrus et ux.* v. *Foster*,

*supra,* the party thus related, stopping with the other, may sustain either one of these relations; that of a servant, a boarder, or a visitor. When the relation is that of a visitor, no expectation of pay for board or incidental services exists. If either of the other relations is established an expectation of pay arises. Under the circumstánces reported, we cannot regard the intestate's relation to the plaintiff, on these several occasions, while stopping with her son-in-law and daughter, sometimes at the request and invitation of the daughter, as other than that of a visitor. It would be a crime against nature and humanity, to give to all the courtesies, favors, and visits that are exchanged between parents and children, the mercenary quality of dollars and cents. The courts have universally refused to give such a quality to such transactions, and have especially guarded against allowing the surviving party to change such transactions into one of dollars and cents against the estate of the deceased party.

There was no error in the judgment of the County Court in disallowing these charges.

II. It is not seriously contended that the charges for funeral expenses should be brought before the commissioners. Such expenses are to be first paid, and are against the administrator—having been incurred after the death of the intestate—rather than against the intestate. It is only claims which existed against the intestate, while in life that are required to be proved before the commissioners. Neither should the funeral expenses be merged with claims of a different character, in one general balance, as they are entitled to be first paid in full out of the estate, while the other claims are entitled only to a *pro rata* share in insolvent estates. All estates, under the present law, are treated .as, and presumed to be, insolvent. The County Court properly refused to include the funeral expenses paid by the plaintiff in its judgment.

The judgment of the County Court is affirmed. Judgment to be certified to the Probate Court.