THE FAIR HAVEN MARBLE AND MARBLEIZED SLATE CO.
et al. *vs*. SARAH D. OWENS et al.

January Term, 1896.

Present: ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Deed Fraudulent as to Creditors—Inoperative without Delivery—Sufficiency of Consideration.*

The conveyance by a debtor of his attachable property without considera-
tion and without adequate provision made for the payment of debts, is,
as to creditors, fraudulent and void.

In the absence of actual intent to defraud, such a conveyance will be set
aside only to the extent necessary to protect creditors.

Where one party to a contract makes voluntary advancements to the other
to enable him to carry it out, such advancements are to be treated as
debts accruing when made and not as relating back to the date of the
contract.

The moral obligation arising from services performed by members of one's
family without a contract for payment, is not a valid consideration for a
conveyance which leaves the grantor without sufficient property to pay
his debts.

The grantor made a deed and caused it to be recorded, but never delivered
it to the grantees, nor to any person for them, and it was found among
his papers after his death. *Held*, inoperative.

BILL IN CHANCERY, by creditors of Owen Owens, to set aside as fraudulent and void certain conveyances made by their debtor to the defendants. Heard by *Taft*, Chancellor, on report of a master at the March Term, 1896, Rutland County. The conveyances mentioned in the decree at the end of the opinion were adjudged fraudulent and void, and the defendants ordered to reconvey to the executors of Owen Owens for the benefit of his creditors. Both parties appealed.

Owen Owens was a partner in the firm of Owen Owens & Co., the other members of which were of no financial responsibility. February 16, 1882, the firm made a contract

with the orator, the Slate Company, under which the firm was to quarry and deliver to the Slate Company stone at a stipulated price. The Slate Company was not bound to pay for the stone until it had been measured, but for the purpose of enabling the firm to carry on its part of the contract, adopted the practice of making advancements of money, which formed a balance against the firm increasing from year to year. If these advancements were treated as constituting a debt under the contract, as of the date of the contract, then certain of the conveyances were found to leave the grantor, Owen Owens, without adequate property to pay his debts; whereas, if the advancements were treated as debts accruing as they were made, said conveyances left the grantor with sufficient assets.

*W. H. Preston, H. A. Harmon* and *F. S. Platt* for the orators.

*Joel C. Baker* for the defendants.

THOMPSON, J. It is contended that the final balance found due the orator, The Fairhaven Marble and Marbleized Slate Co., must be considered as having existed since February 16, 1882, the date of its contract with Owen Owens, deceased, for the purpose of determining the validity of his conveyances and assignments of his property to the defendants, who are his daughters. By the stipulation filed as supplementary to the master's report, it is conceded that no part of that final balance is for damages accruing from a breach of the contract by Owen Owens, but the balance is for money advanced to him from time to time to enable him to carry on the contract. The contract did not provide for such advances, and they cannot be considered as a part of the performance of it. Hence, it is not necessary to decide whether an indebtedness resulting from the performance of a contract according to its terms, relates back to the date when such contract became operative, so far as the right of such debtor to dispose of his property to the detriment of

the creditor, is concerned. In this case, the indebtedness only dates from the time when the advancements were made.

As against creditors, the moral obligation arising from the services performed by the daughters of Owen Owens while members of his family, without contract or agreement that they should be paid therefor, is not a sufficient consideration for the transfer of a part of his property to them, without retaining sufficient property to pay his debts then owing. *Updike* v. *Titus*, 13 N. J. Eq. 151. The law implies no promise to pay for services rendered by members of a family to each other, whether by children, parents, grandparents, brother, step-children, or other relations. In the absence of a contract or agreement to pay for them, no action can be maintained for such services. *Updike* v. *Titus*, *supra*; *Fitch* v. *Peckham*, 16 Vt. 150; *Cobb* v. *Bishop*, 27 Vt. 624; *Davis* v. *Goodenow*, 27 Vt. 715; *Putnam* v. *Town*, 34 Vt. 429; *Sprague* v. *Waldo*, 38 Vt. 139; *Ashley* v. *Hendee*, 56 Vt. 209; *Sawyer* v. *Hebard*, 58 Vt. 375 and cases there cited; *Ormsby* v. *Rhoades*, 59 Vt. 505; *Hatch* v. *Hatch*, 60 Vt. 160.

The deed of the dwelling house and lot and of the brick block, executed May 25, 1885, although recorded by the grantor, was never delivered by him to the grantees nor to any person for them, but was found among his papers after his death. The fact that a deed is on record is only *prima facie* evidence of a delivery, which may be rebutted, and which, in the case at bar, is explicitly negated by the facts found. A deed does not take effect until it is delivered. So long as the grantor retains the control of the deed, he retains the title. *Elmore* v. *Marks*, 39 Vt. 538; *Walsh* v. *Vt. Mut. Fire Ins. Co.*, 54 Vt. 351; *Dwinell* v. *Bliss*, 58 Vt. 353. Hence the grantees took nothing by virtue of the deed executed May 25, 1885.

The conveyance by a debtor of his attachable property, without consideration, and without making adequate provisions for the payment of his debts, is fraudulent and

void as to his creditors. Such fraud on the part of the debtor may be an actual fraudulent purpose to cheat and defraud his creditors, or it may be constructive fraud, which is fraud that the law imputes to him from the condition of his estate and the necessary consequence of his act in respect to his creditors. The effect of both these kinds of fraud, in respect to creditors, in the case of a voluntary conveyance by the debtor, without consideration, was so fully discussed in the recent case of *Wilson* v. *Spear*, 68 Vt. 145, that it does not require further discussion here.

In the case at bar, the master fails to find an actual fraudulent purpose on the part of Owen Owens to defraud his creditors, by making the respective conveyances and transfers of his property to his daughters. No actual fraud being found, such conveyances will be sustained as were made at a time when he retained sufficient property to pay the debts which he then owed. *Brackett* v. *Waite*, 4 Vt. 389; *Dewey* v. *Long*, 25 Vt. 564; *Church* v. *Chapin*, 35 Vt. 223; *Wilbur* v. *Nichols*, 61 Vt. 432; *Wilson* v. *Spear*, 68 Vt. 145.

At the time of the conveyance of July 9, 1883, of the house and lot to the defendant Kate L. Humphrey, and of the execution and delivery of the mortgage of May 25, 1885, to the defendant Sarah A. Owens, Owen Owens retained ample property to pay all his then existing debts, and these conveyances are, therefore, valid as against his creditors.

In respect to the other conveyance and assignments of property by Owens to the defendants or either of them, it must be held that they are invalid as to his creditors to the extent of their existing debts, as he did not at the time of making them retain sufficient property to pay such debts. Except in this respect, such conveyance and assignments are valid, and they must be set aside only to the extent of satisfying the debts specified.

> *The decree is reversed, and cause remanded to the court of chancery to the end that a decree may be made as follows:*

(1) That the deed mentioned in the special master's report in this cause, made by Owen Owens, deceased, May 25, 1885, to the.defendants, Ellen E. Thomas, Jane E. Jones, Kate L. Humphrey and Sarah A. Owens, was and is inoperative and void by reason of the non-delivery thereof by the grantor to the grantees therein named, and that said defendants and their husbands, defendants, execute and deliver to the defendants, Sarah A. Owens and Jane E. Jones as executrices of the will of said Owen Owens, deceased, or to their successors in said trust, such conveyance in trust for said estate, as may be necessary to remove the cloud from the title to the real estate described in said deed.

(2) That the conveyance of October, 22, 1885, and the assignments of mortgages made June 2, 1885, to the respective defendants, as stated in said master's report, are void as to the creditors of said Owen Owens, deceased, to the extent of the deficiency of the assets of his estate to pay the debts against his estate, owing at the time said conveyance and assignments, respectively were made.

(3) That said executrices or their said successors, have the power of sale and the right to convey so much of said real estate conveyed October 22, 1885, to the same effect as if said conveyance had not been made, as shall be necessary to make up such deficiency of assets, and that all necessary and proper orders may be made, and proceedings had for carrying into effect such decree by such sale, unless the defendant, Jane E. Jones, shall make up such deficiency, by paying to said executrices or their successors in said trust, the amount of such deficiency; and that when such sale shall have been made by said executrices or their said successors, the defendants, Jane E. Jones and her husband, Hugh T. Jones, be decreed to make proper and effectual conveyance of the portion so bargained and sold.

(4) That the defendants to whom said mortgages were assigned June 2, 1885, respectively account for and pay over to said executrices or their successors, all money which they

collected thereon, to the extent of the deficiency of the assets of the estate of said Owen Owens to pay the debts against it, owing at the date of the assignment of such mortgages.

(5) That each and every one of said defendants account for and pay over to said executrices or their said successors, all and singular, the rents, income, profits and interest received by any of said defendants respectively, derived from the assignment of said mortgages, and said real estate, adjudged to have been assigned and conveyed in fraud of the rights of creditors, after deducting all taxes paid by the defendants, or either of them, on said property, personal and real, to the extent of the deficiency of assets of the estate of said Owen Owens as herein before stated.

(6) That the orators recover costs of suit, and have execution therefor.

(7) That the cause be retained in the court of chancery, for effectuating all matters embraced in the premises.