Hunter *v*. Case et al. & Tr.

JOHN HUNTER *v*. EASTMAN W. CASE AND LUMAN CASE, and LAURA A. CASE, JOHN STEWART AND SYLVIA G. STEWART, Trustees.

Under the Revised Statutes of this State a person summoned as trustee cannot be held chargeable by reason of land, which he holds by conveyance from the principal defendant, which conveyance is fraudulent and void as to creditors.

TRUSTEE PROCESS. After judgment had been rendered against the principal defendants, the trustees filed their disclosures, and the plaintiff filed allegations; and the case was tried by jury, upon the allegations, June Term, 1846,—BENNETT, J., presiding.

On trial it appeared from the disclosures and the evidence on the part of the plaintiff, that the trustees had, at some previous time, received from one of the principal defendants a deed of a house and land; and that, aside from this, the trustees had no goods, effects, or credits, of the principal defendants in their hands. The court left it for the jury to find, under proper instructions, whether the deed to the trustees was fraudulent and void as to creditors, and instructed them, that if they so found, they should return a verdict against the trustees for the value of the premises thereby conveyed. Under these instructions the jury returned a verdict for the plaintiff, for the value of the premises in question. Exceptions by trustees,

*Linsley* and *Beckwith* for trustees.

No reason can be assigned, why real estate, which is subject to attachment by a direct and simple process, should be held by trustee suit. If the conveyance was fraudulent as against creditors, it interposed no obstacle to a levy upon the land. The statute does not provide any mode, by which land in the hands of a trustee can be applied to the payment of the debt. 13 Vt. 615. 5 Mass. 319.

*Briggs & Williams* for plaintiff.

In Massachusetts it is held, as it was formerly in this state, that a person could not be held chargeable as trustee, unless the principal debtor could enforce the collection of the debt against him. Section thirty four of chap. 29 of the Revised Statutes was intended to extend the remedy to cases of fraudulent conveyances, and is entirely a different provision from any in Massachusetts;—and though land may not strictly be "goods, effects and credits," yet, when a person has taken a fraudulent conveyance, and has a title, and justifies under that title, he holds, under our statute, the credits, as a purchaser, and is bound to pay to the creditor the value of the land. Section three of the statute of 1842 was intended to secure the same object. *Baxter et al.* v. *Currier & Tr.*, 13 Vt. 615. *Crane* v. *Stickles & Tr.*, 15 Vt. 252. The statute of 1845, relating to trustees, embraces all cases in law and equity.

The opinion of the court was delivered by

BENNETT, J. The material question in this case is, whether, from the facts found the persons summoned as trustees should be adjudged chargeable. The jury have settled the point, that the real estate was conveyed to the trustees *in fraud of creditors.* Under the statute of 1797 it has been frequently decided, that a fraudulent grantee of lands, by reason of which fraud the conveyance is void against the creditors of the grantee, cannot, simply for that cause, be adjudged his trustee. The only inquiry, which can be an open question, is, whether the Revised Statutes have changed the law in this respect.

Section thirty four of the present trustee statute [Rev. St. 194] provides, that if the person summoned as trustee shall have in his possession any *goods, effects* and *credits* of the principal defendant,

which he holds by a *conveyance, or title,* that is void as to the creditors of the principal defendant, he may be adjudged trustee on account of such goods, effects and credits, although the principal defendant could not maintain an action therefor against him. There can be no pretence, that real estate can be brought within the statute, unless, indeed, within the term *effects.* Certainly it is not *goods,* or *credits.* It is not within the popular meaning of the term *effects.* That word, as ordinarily used, is understood to mean *goods, moveables, personal estate ;* and I am not aware, that the word *effects* has ever been defined by any legal writer, as including real estate.

The expression in the statute, " which he (the trustee) shall hold by a *conveyance,* or *title,* that is void," &c., may with propriety be applied to personal property, as well as to real estate, and of course is in no way decisive of the question. We cannot think it was the intention of the legislature to extend this section of the trustee statute, so far as to include real estate. There seems to be no occasion for such a statute. The land being of a fixed, immoveable character, might at any time, while the ostensible title remained in the fraudulent grantee, be levied upon by the creditors of the grantor; and I see no good reason, why these lands might not be levied upon by the other creditors of the grantor, even though we should adjudge the trustees chargeable in this suit. It would, in such an event, seem to need farther legislative provision, in order to quiet the trustees in the enjoyment of the property. Though, while sitting in the county court, I was inclined to this view of the subject, yet it was thought advisable to let the jury pass upon the character of the conveyance.

The result is, that the judgment against the trustees is reversed, and judgment rendered, that the trustees are not chargeable,—and that they recover their costs.