B. F. LABAREE *v.* LORENZO WOOD.

*Homestead. Abandonment of, Attachment of, Deed of.*
*Ejectment. Married Woman when not a Witness.*

1. The master found that the owner of a homestead abandoned it on the 1st day of July ; that the plaintiff attached it on the 7th day of July ; and that it was deeded to the defendant on the 2d day September, all in the same year. *Held,* in ejectment, that the attachment prevailed over the deed.

2. The question being which should prevail, an attachment, or a deed of certain real estate, it was held, that the wife of the grantor was not a witness for the grantee in an action of ejectment between the attaching creditor and such grantee.

3. A married woman cannot be a witness in an action, though her husband be not a party, if he is interested in the event of the suit ; and he is interested, if the judgment can be used, for or against him, in a subsequent case in which he is a party.

4. Facts stated which constitute an abandonment of a homestead.

EJECTMENT. Heard on the report of a referee, December Term, 1881, TAFT, J., presiding. Judgment for the plaintiff for the possession of the premises. The case appears in the opinion.

*William E. Johnson,* for the defendant, cited on the homestead question, 50 Vt. 219; *Whiteman* v. *Field,* 53 Vt. 554; and as to whether the wife was a witness, *Carpenter* v. *Moore,* 43 Vt. 392 ; 29 Vt. 206.

*French & Southgate,* for the plaintiff, cited on the homestead question, *Goodall* v. *Boardman,* 53 Vt. 92, 101 ; 39 N. H. 478 ; 28 Vt. 672 ; 30 Vt. 183 ; 46 Vt. 292 ; 51 N. H. 448 ; 36 Vt. 254 ; 43 Vt. 138; that the wife was not a witness, Starkie Ev. 746, 786 ; 1 Greenl. Ev. ss. 390,394, 397 ; 1 Swift Dig. 764, 765 ; 34 E. C. L. 897 ; 24 Vt. 649 ; 27 Vt. 304 ; 31 Vt. 509 ; 33 Vt. 15 ; 43 Vt. 637 ; 4 Term, 678 ; 4 Vt. 116 ; 39 N. H. 541.

The opinion of the court was delivered by

POWERS, J. It appears from the referee's report that Albert B. Burke, the defendant's grantor, in November or December,

1878, owned and was occupying, with his family, as a homestead, the premises in question in Hartland; that he then moved with his family and nearly all his effects to another farm owned by him and his son, with no fixed purpose of abandoning his former homestead in the first-mentioned premises, but with an unsettled purpose to make his home upon the premises owned by himself and son if he found it agreeable to do so, otherwise, to return to the old homestead. In other words, the removal to the farm owned by himself and son was an experiment to determine whether he would acquire a new homestead, or return to the old one.

On the 1st day of July, 1879, Burke verbally bargained the premises in question (the old homestead) to the defendant, and completed the sale by executing his warranty deed thereof to the defendant, Sept. 2, 1879.

The referee says that when Burke bargained the premises, July 1, 1879, he then elected to abandon the old homestead, and make the other farm his permanent home.

This election removed the homestead protection from the premises in question, and transferred it to the new home. Hence the plaintiff's attachment of the premises in question, July 7, 1879, created a lien thereon, unaffected by any homestead claim; and this lien, being followed by proper judgment, levy and set-off, gave the plaintiff a title paramount to that of the defendant under his deed from Burke. The case of *Goodall* v. *Boardman*, 53 Vt. 92, is decisive of this.

On the trial before the referee, Burke's wife was offered as a witness for the defendant, and excluded on the ground that her husband was interested in the event of the suit, by reason of the covenants of warranty in his deed to the defendant. Most of the vexed questions touching the disqualification of witnesses by reason of interest, are now happily of little importance under our statute, removing incompetency on this ground. The common-law rule, that excludes the wife of an interested party, however, still remains in force; and it is urged that Mrs. Burke was within this rule of exclusion.

The rule of the common law is tersely laid down in Buller's *Nisi Prius*, 284. " An interest is when there is a certain benefit

or advantage to the witness attending the determination of the cause one way." And Ch. J. TINDAL, in *Doe d. Teynham* v. *Tyler*, 6 Bing. 392, commenting upon this rule, says : "Now this benefit may arise to the witness in two cases; first, where he has a direct and immediate benefit from the event of the suit itself; and, secondly, where he may avail himself of the benefit of the verdict in support of his claim in a future action."

Lord MANSFIELD, in the early case of *Abrahams* v. *Bunn*, 4 Burr. 2251, says that the objection of future interest in the witness only goes to his credit, unless the judgment could be given in evidence in the future suit; and Lord KENYON, in *Bent* v. *Baker*, 3 Term. 34, says : " I think the principle is this, if the proceedings in the cause cannot be used for him, he is a competent witness." BULLER, J., in the same case, lays down the same rule.

The case of *Bent* v. *Baker* has always been treated as a leading case upon this subject; and the rule is firmly established that to exclude a witness on the score of a future interest, it must appear that the judgment in the cause in which he is called to testify can be used in evidence, for or against him, in a subsequent case in which he is a party. If such judgment can be so used, the witness is interested and his wife cannot testify. *Griffin* v. *Brown*, 2 Pick. 308; 1 Greenl. Ev. (Redfield's Ed.) s. 389; *Williams* v. *Johnson*, 1 Stra. 504.

In the case at bar the defendant stands upon the title derived from Burke under his warranty deed. If the plaintiff in this case recovers, his judgment will be proper evidence in a suit by the defendant against Burke upon his covenant of warranty, to prove an eviction. Rawle Covenants (4 ed.), 217, *et seq.*; *Pitkin* v. *Leavitt*, 13 Vt. 385; Mrs. Burke was therefore rightly excluded.

The judgment is affirmed.