NELSON GOETSCHINS, Respondent, *v.* JOHN H. HUNT, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May* 13, 1889.

*Parent and child.*—A father is liable to his deceased wife's sister for the support of his infant child, where it was furnished at his request, though under the mistaken belief on the part of the aunt that she was to take the child and bring her up as her own.

Action for the support of an infant child of defendant.

Appeal from a judgment in favor of plaintiff.

*Irving Brown,* for appellant.

*Wm. McCauley, Jr.,* for respondent.

BARNARD, P. J.—The defendant's wife died in 1885; she left nine children, the youngest, Mary about five month's old. The plaintiff's wife was a sister of the deceased. After her funeral, the defendant told the plaintiff's wife that he would like her " to take the child, and try how I could get along with it." The plaintiff's wife supposed from this lan-

guage, that she was to take the child and bring her up as her own. Nothing was said by the defendant in respect to the ownership of the child. "I said nothing, whether she was to take it, or I was to retain it," is the testimony of the defendant. Under this state of the evidence, the plaintiff's wife has no basis for her assumption, that she was to bring up the child as her own, and as one of her own family. The father reclaimed his child after she had been supported for two years and five months in this family. The defendant was liable for the support of the child for this period. The maintenance was furnished at the father's request, and to his own daughter. The fact that the support was furnished in the plaintiff's family, has no importance. The father could board the child in any proper place, and there could be no more fitting place than the family of an aunt when the infant was of such tender age.

The defendant made sundry small payments on the account, and the gross amount of these is uncertain, varying from between five and ten dollars per month. The jury have finally settled the question, and no point is made by the appellant in respect to it, It was wholly immaterial in any view, what either party thought of the relation between plaintiff and child. On the undisputed facts there was no basis for a claim that the father intended to give away his child.

The judgment should, therefore be affirmed, with costs.

All concur.