### H. G. BANISTER *v.* CURTIS D. OVITT.

*Competency of witnesses.   Husband and wife.   Party in interest.
Contract in issue.*

1.  When the wife is a party in interest, though not of record, the husband
is not a competent witness.

2.  The action being for the conversion of certain hay by feeding it out, a
person who claimed to own the hay by reason of the fact that it was
cut upon her land, and by whose direction the defendant fed it to
her stock supposing it to be hers, is a party in interest.

3.  The plaintiff claimed title under a chattel mortgage. *Held,* that the
contract evidenced by this instrument was collateral to the issue on
trial, and that the plaintiff might be a witness in his own behalf not-
withstanding that the mortgagor was dead.

Trover for the conversion of certain hay.   Trial by jury at
the February term, 1892, Start, J., presiding.   Verdict and
judgment for the defendant.   The plaintiff excepts.

The plaintiff claimed title to the hay in question under a
chattel mortgage from one E. K. Hunt.   His evidence tended to
show that said hay was cut upon land belonging to the said E. K.
Hunt and stored in a barn standing upon land the title to which
was in his wife, Nancy A. Hunt, but which he, the said E. K.
Hunt, was then occupying.

H. G. Banister *v.* Curtis D. Ovitt.

The defendant claimed that the hay was cut upon the land of the said Nancy A. Hunt, and was her hay, and that he fed it out to her stock by her direction, which was the conversion complained of, and introduced the testimony of the said Nancy A. Hunt, and her then husband, Alfred Hunt, to that effect. The plaintiff objected that her husband was incompetent as a witness for that Nancy A. Hunt was a party in interest. The Court found that she had a pecuniary interest, if the facts testified to by her and her husband tended to show one, and admitted the evidence of her husband under the plaintiff's exception.

The plaintiff offered himself as a witness to prove that the hay sued for was part of that covered by the mortgage. It appeared that the mortgagor, E. K. Hunt, was dead, and the defendant objected that for this reason the plaintiff was incompetent as a witness. The Court sustained the objection and excluded the testimony, against the exception of the plaintiff.

*Dickerman & Young,* for the plaintiff.

The defendant being the mere servant of Nancy A. Hunt, and acting in good faith, she was liable to indemnify him in the premises, and is the real party in interest. Hence her husband was incompetent as a witness. *Adamson* v. *Jarvis,* 4 Bing. 66; 1 Hill on Torts, 195 note; *Carpenter, Ex'r.,* v. *Moore et al,* 43 Vt. 392; *Wheeler* v. *Wheeler's Est.,* 47 Vt. 646.

A judgment against the defendant would be conclusive against her. *Emery* v. *Fowler,* 39 Me. 327; *Ferris* v. *Arden,* Cro. Eliz. 667; *Kennersly* v. *Orpe,* Doug. 517; *Strutt* v. *Bovington,* 5 Esp. 56; *Downs* v. *Belden,* 46 Vt. 674; *Bank* v *Schofield,* 39 Vt. 590; *Cole* v. *Shurtleff,* 41 Vt. 311; *Morse, Ex'r.,* v. *Low,* 44 Vt. 561.

*O. S. Annis* and *W. W. Miles,* for the defendant.

To render the husband of Nancy A. Hunt incompetent as a witness she must be an actual party to the suit. *Willey, Admr.,* v. *Hunter,* 57 Vt. 479; *Knapp* v. *Town of Marlboro,* 31 Vt. 674.

The plaintiff was incompetent to testify as to the mortgage, since the mortgagor, under whom he claimed, was dead. *Hall* v. *Hamblett,* 51 Vt. 589; *McKellop* v. *Jackman et al,* 50 Vt. 57; *Woodbury* v. *Woodbury's Est.,* 50 Vt. 152; *Davis* v. *Windsor Savings Bank,* 48 Vt. 529.

The opinion of the court was delivered by

ROWELL, J. The court below found that Mrs. Hunt has a pecuniary interest in the event of this suit if her testimony and that of the defendant tended to show such interest, and if it did, that she had such an interest as it tended to show.

Their testimony tended to show that the hay in question was cut on Mrs. Hunt's farm, stored in her barn, and belongs to her, and that the defendant fed it to her stock by her direction, supposing it to be hers.

This makes her interested in the event of the suit; for he who employs another to do an act in respect of which the employe is innocent and which the employer appears to have a right to authorize him to do, is treated as undertaking to indemnify the employe therefor, if the act would have been lawful had the employer had the authority he claimed to have. *Adamson* v. *Jarvis,* 6 Bing. 66; *Howe* v. *Buffalo, N. Y. & Erie R. R. Co.,* 37 *N. Y.* 297; Cooley on Torts, 144 et seq.; Story on Agency, s. 339; Cf. *Emery* v. *Fowler,* 39 Me. 326-63 Am Dec. 627.

It is not necessary to determine whether a judgment against the defendant would be conclusive on Mrs. Hunt, it not appearing that she has been vouched in to defend; for if not conclusive, her liability as indemnitor would remain nevertheless.

Mrs. Hunt being a party in interest though not of record, her husband was not a competent witness. *Labaree* v. *Wood,* 54 Vt. 452.

The cause of action in issue and on trial being the conversion of the hay, the matter of giving the chattel mortgage on which

the plaintiff relied for title was collateral, and therefore the plaintiff was a competent witness notwithstanding the death of the mortgagor. *Downs* v. *Belden,* 46 Vt. 674.

*Judgment reversed and cause remanded.*