FRANCIS FARRINGTON v. P. J. JENNISON.

May Term, 1895.

*Right to begin. Apportionment of costs. Application of payments. Rights of other party to testify when one party to cause of action dead.*

1.  If in an action upon a promisory note the defendant pleads the general issue, the plaintiff has the right to begin and close, although the execution of the note is not contested upon the trial.

2.  When money is paid to apply upon a note the law applies it whether it is actually indorsed or not.

3.  When the only issue upon trial is the amount due upon the note, the fact that the plaintiff recovered less than his claim does not entitle the defendant to an apportionment of costs.

4.  The question being whether certain payments were made upon the note in suit to the original payee in his lifetime, the defendant cannot testify to conversations with the plaintiff touching such payments, although the plaintiff has been produced as a witness thereto.

5.  The plaintiff was properly allowed to put in evidence an out-
    lawed note, not in suit, from the defendant to the same
    payee with payments indorsed upon it, as tending to refute
    the claim of the defendant as to some of the payments upon
    the note in suit.

6.  But this outlawed note was not the cause of action or contract
    in issue and on trial, being collateral thereto, and the de-
    fendant should have been allowed to testify to conversations
    with the plaintiff in respect to it.

Assumpsit.   Plea, the general issue and offset.   Trial by
jury at the December term, 1894, Caledonia county, Mun-
son, J., presiding.   Verdict and judgment for the plaintiff.
The defendant excepts.

The plaintiff claimed to recover upon certain promissory
notes given by the defendant to E. W. Farrington, or bearer,
and transferred by the said E. W. to the plaintiff.   The de-
fendant filed a specification under his plea in off-set of cer-
tain sums which he claimed to have paid to the said E. W.
Farrington in his lifetime, but which had not been endorsed
upon the notes, and the only question litigated was as to
whether these payments had been made.

Upon the trial the defendant conceded the execution of
the notes and claimed the right to begin and close the argu-
ment to the jury.   This the court denied, and the defendant
excepted.

It appeared that E. W. Farrington had deceased before
the trial.   The plaintiff was improved as a witness to certain
conversations had with the defendant in the lifetime of the
said E. W. in reference to these payments, which the de-
fendant claimed he had made upon the notes.   The defend-
ant thereupon offered himself as a witness in reference to
these same conversations.   The plaintiff objected that he
was incompetent for the reason that the other party to the
cause of action on trial was dead, and the court so ruled,
and excluded the evidence under the exception of the de-
fendant.

The plaintiff introduced a note from the defendant to the said E. W. Farrington, upon which were certain indorsements. The note was outlawed and was not in suit, but the plaintiff was allowed to show its execution and to put the note in evidence against the exception of the defendant upon the ground that the note and endorsements bore upon the claim of the defendant as to the payments which he pretended to have made. The plaintiff was improved as a witness in reference to certain conversations in the life time of E. W. Farrington in reference to this note and the payments made upon it. Thereupon, the defendant offered himself as a witness in reference to these conversations, but his testimony was excluded, upon the ground that the other party was dead, to which he excepted.

The jury found that the defendant had paid upon the notes some three hundred dollars more than the plaintiff admitted, and for this reason the defendant moved the court to apportion the costs. This motion the court denied, and the defendant excepted.

*J. P. Lamson* for the defendant.

The defendant should have been admitted as a witness to prove the payments made by him to E. W. Farrington. The estate was in no way a party or interested in the suit. *Manufacturers' Bank* v. *Schofield*, 39 Vt. 590; *Lytle* v. *Bond's Estate*, 40 Vt. 618; *Cole* v. *Shurtleff*, 41 Vt. 311; *Hollister* v. *Young*, 42 Vt. 403; *Morse* v. *Low*, 44 Vt. 561; *Downs* v. *Belden*, 46 Vt. 674; *Taylor* v. *Finly*, 48 Vt. 78; *Hall* v. *Hamblett*, 51 Vt. 589.

The defendant was entitled to have his costs apportioned. *Sumner* v. *Cummings*, 23 Vt. 427; *Hatch* v. *Hatch*, 60 Vt. 160; *Carlton* v. *Taylor*, 50 Vt. 220; R. L., s. 1451.

*W. P. Stafford* for the plaintiff.

The defendant was incompetent as a witness for the reason that the other party to the contract in issue was dead. *Insurance Co.* v. *Well*, 53 Vt. 14; R. L., s. 1002.

But one issue was tried, and upon that issue the plaintiff prevailed; therefore, there is no ground for an apportionment of costs. *Ross* v. *White*, 60 Vt. 558.

ROSS, C. J. The cause of action, in issue and on trial, was the mortgage notes, given by the defendant to E. W. Farrington, and by him transferred to the plaintiff. E. W. Farrington has now deceased. The defendant pleaded the general issue. This compelled the plaintiff to produce in evidence, and rely upon, his notes. This gave him the right to open and close the argument to the jury. The execution of these notes was not contested. The contention was in regard to whether certain sums claimed by the defendant to have been paid by him to E. W. Farrington, to be applied upon the notes in suit, had been so paid, and not endorsed by E. W. Farrington. The case does not disclose any item claimed by the defendant which would entitle him to recover under his plea in set-off. The items which the defendant claimed to have allowed him, were, on his evidence, payments on these notes. If made as payments, it was immaterial whether they had been endorsed as such. When the defendant established that he delivered any of the claimed items as payments on the notes, the law applied them, at once, in extinguishment of the notes *pro tanto*; and there was no burden on the plaintiff to show what had been done with the money. There was but a single issue tried—that was the amount due on the notes. The fact that the defendant succeeded in reducing the amount due to a less sum than claimed by the plaintiff, did not entitle the defendant to an apportionment of the costs. The defendant did not recover upon any issue in the case. R. L. 1002 provides:

"Where one of the original parties to the contract, or

cause of action, in issue and on trial, is dead, or is shown to the court to be insane, the other party shall not be admitted to testify in his own favor except to meet or explain the testimony of living witnesses produced against him as to facts or circumstances taking place after the death or insanity of the other party."

This in terms supports the rulings of the county court in excluding the defendant from testifying as to all such matters and conversations in regard to the notes in suit, and in regard to payments thereon made in the life of E. W. Farrington, and while he owned the notes, although made or had with the plaintiff, and to which the plaintiff was a competent witness. As bearing collaterally upon some of the payments claimed by the defendant, and which the jury did not allow to him, as we understand the exceptions, the plaintiff was allowed to introduce another mortgage note, to show its execution, and conversations had by him with defendant about it. The only ground on which any of this evidence could be, or was, admitted, was that it had a tendency to explain and refute the defendant's testimony tending to establish his claimed payments. It is apparent it might have such a tendency, and therefore was properly admitted, although against the exception of the defendant. The court, against his exception, excluded the defendant from testifying in regard to a conversation which the plaintiff had been permitted to testify to, had with the defendant about this outlawed note. We think this was error. The outlawed note was not any part of the contract or cause of action on trial. It was claimed to bear, collaterally, upon that contract, or cause of action, as it tended to defeat one or more of the defendant's claimed payments thereon. R. L., 1002, is an exception to R. L., 1001, which removes the disqualification formerly existing to witnesses, arising from interest. The exception should not be given effect beyond the fair scope of its language. This confines the retained disqualification to testimony bearing directly upon the con-

tract, or cause of action, in issue and on trial. It does not extend to matters collateral to such contracts or cause of action. Such is the construction which this court has placed upon this provision of the statute. *Morse* v. *Shaw*, 44 Vt. 561 ; *Downs* v. *Belden*, 46 Vt. 674 ; *Taylor* v. *Finley*, 48 Vt. 78 ; *Banister* v. *Ovitt*, 64 Vt. 580. Under these decisions it was error to exclude the defendant from testifying in regard to his conversation with the plaintiff about the outlawed note.

*Judgment reversed and cause remanded.*