## EUGENE L. WESTCOTT *vs.* THE ESTATE OF DANIEL P. WESTCOTT.

October Term, 1896.

Present: ROSS, C. J., ROWELL, TYLER,. MUNSON, START and THOMPSON, JJ.

*Parent and Child—Compensation for Services—Wife of Party in Interest as a Witness—Exclusion of Question Unaccompanied by Offer—Evidence.*

An adult son residing with his father and doing him valuable service may be entitled to compensation without an express promise, if the circumstances justify the inference that both parties expected the services would be paid for. In the present case the evidence warranted the submission of the question to the jury.

When a claim is presented against a decedent's estate and the estate is solvent, the residuary legatee is a party in interest, and his wife is incompetent as a witness.

Error will not be predicated upon the exclusion of a question when there is nothing to show what the answer would have been.

The defendant offered to show that the plaintiff, just before he returned to his father's, was in want, unable to make a living and asked assistance, in consequence whereof the father sent him money to enable him to return. The evidence was excluded. *Held*, error, since it would have tended to explain the circumstances disclosed by the plaintiff's testimony and rebut the inference to be drawn therefrom.

APPEAL from the Probate Court for the District of Fair Haven. Declaration, general assumpsit. Plea, the general issue. Trial by jury at the March Term, 1896, Rutland County, *Taft*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The declarations of the decedent, referred to in the opinion, were to the effect that he had sent for the plaintiff to come home and work on the farm for the reason that he could do better there than in the West where he had been.

The plaintiff requested the court to instruct the jury that there was no evidence from which they could infer any expectation that the plaintiff should be paid for his services beyond the value of the board of himself and family. The court ruled that there was such evidence, and the defendant excepted.

*Henry A. Harman* and *Butler & Moloney* for the defendant.

No legal principle is better established than this, that when a child, after attaining his majority, returns to live with his parents and becomes one of the family, a relation of debtor and creditor does not thereby arise, such as to warrant a claim for services rendered to such parents. *Fitch* v. *Peckham*, 16 Vt. 150; *Andrus* v. *Foster*, 17 Vt. 556; *Cobb* v. *Bishop*, 27 Vt. 624; *Way* v. *Way*, 27 Vt. 625; *Davis* v. *Goodenow*, 27 Vt. 715; *Sprague* v. *Waldo*, 38 Vt. 141; *Harris* v. *Currier*, 44 Vt. 468; *Doane* v. *Doane*, 46 Vt. 485; *Ashley* v. *Hendee*, 56 Vt. 209; *Sawyer* v. *Hebard's Est.*, 58 Vt. 375.

While it is not necessary to prove an express promise to pay, the evidence must establish a mutual expectation of payment as contrasted with compensation in some other way. This, in the case at bar, the evidence failed to do.

But if the court did not err in submitting the case to the jury it certainly erred in not admitting the evidence of the defendant which tended to explain the circumstances under which the plaintiff returned to the father's house.

The testimony of Jennie Westcott should have been received. Her husband, though residuary legatee, was not a party to the action. He was interested in the event of the litigation, but our statute has abolished disqualifications for interest. This judgment could not be used for or against

him in a subsequent case, which is the true test.  *Labaree* v. *Wood*, 54 Vt. 452.

*W. H. Preston* and *F. S. Platt* for the plaintiff.

The exclusion of testimony that the deceased sent his son money to enable him to return, was proper.  There was no claim in offset.

The wife of the residuary legatee,—the estate being solvent —was incompetent.   *Carpenter* v. *Moore*, 43 Vt. 392; *Wheeler* v. *Wheeler's Est.*, 47 Vt. 637;  *Labaree* v. *Wood*, 54 Vt. 452; *Banister* v. *Ovitt*, 64 Vt. 580.

There was evidence to support the plaintiff's main claim. *Freeman* v. *Freeman*, 65 Ill. 106;  *Markey* v. *Brewster*, 10 Hun, 16; *Andrus* v. *Foster*, 17 Vt. 556.   The important fact is that the plaintiff returned to work at the father's request. *Hart* v. *Hart's Admr.*, 41 Mo. 441;  *Koch* v. *Hebel*, 32 Mo. App. 103; *Green* v. *Roberts*, 47 Barb. 521; *Portlow* v. *Cooke*, 2 R. I. 451; *Adams* v. *Adams*, 23 Ind. 50.

START, J.   The question of whether there was any evidence tending to support the plaintiff's claim is presented for consideration by the defendant's request to charge.   The plaintiff's evidence tended to show, that he was a son of the deceased, David Potter Westcott; that, after he became twenty-one years of age, he left his father's home, where he had formerly resided, and went to Michigan, where he was married and spent a few years; that his father sent for him to come home; that his father stated he had a good deal of land and the plaintiff had better come home to work on the farm, as he could do better here than in the west; that he did come home and become an inmate of his father's house and perform various kinds of labor upon his father's farm, such as haying, harvesting, milking, teaming, drawing wood, etc., for his father's benefit; that his services were worth from eighteen to twenty dollars per month.

While this testimony did not tend to show an express promise on the part of the father to pay for the services of

the son, we think the circumstances under which the son returned to his father's home, after being away for several years, and the circumstances under which he thereafter continued to live with his father and perform services for his father's benefit, taken in connection with the father's declarations and statements, were for the consideration of the jury upon the question of whether there was a mutual understanding and expectation that the services were to be paid for; and that the case was properly submitted to the jury.

If the parties mutually understood and expected that the services were to be paid for, the relation of debtor and creditor existed; and, if the jury so found, the plaintiff was entitled to recover the balance due him for his services. It was not necessary to show an express agreement to pay. It was sufficient to show that the father expected to pay for the services and that the son expected payment; and such expectation could be shown by the circumstances under which the services were performed, the situation and surroundings of the parties, their pecuniary circumstances, and the declarations of the party sought to·be charged.

In *Sawyer* v. *Hebard's Est.*, 58 Vt. 376, it is said: "An examination of these cases shows that no definite rule has been, or can be, laid down, in regard to what the circumstances must be, to show mutual expectation to pay for such services, or support, and that each case, in this respect, is made to turn largely upon its own peculiar circumstances."

In *Doane* v. *Doane and Trustee*, 46 Vt. 485, the son had means in his hands belonging to his father, with which, if paid over, the father could provide his own support. The son furnished the support, and it was held that these circumstances would "help the implication that it was to be paid for."

In *Freeman* v. *Freeman*, 65 Ill. 106, it is held, that, when a son, some time after reaching his majority, left his parents and commenced business on his own account and was

afterwards induced by his father to return, all his other sons having left him, and he continued to labor for his father for many years, managing his affairs and supporting his parents, for which he received nothing but his board, scanty clothing and a little spending money, it was but reasonable to presume that the father intended to pay, and the son to receive pay, for his labor, either in money or by devise in his father's will.

The witness, Jennie Westcott, was properly excluded. Her husband was the residuary legatee and devisee named in the will of David Potter Westcott. The estate was solvent, and a recovery in this case would directly dimish the sum he would otherwise take under the will. He was, therefore, a party in interest, and his wife was not a competent witness. *Banister* v. *Ovitt*, 64 Vt. 580.

The defendant made no offer in connection with the testimony of Heman Stannard, and it does not appear what his answer would have been respecting the loan of money to the plaintiff, if it had been given; therefore, error does not appear. *Roach* v. *Caldbeck*, 64 Vt. 593.

The defendant, after showing the loss of certain letters written by the plaintiff to his mother and shown by her to the deceased, offered to show that the plaintiff wrote in these letters that he was in want, needed money, was unable to make a living, and asked for assistance; that, in consequence of the information received, and with a view of relieving the plaintiff's wants, the deceased sent him one hundred dollars, to enable him to return to his former home in the family of the deceased; and that the plaintiff shortly afterwards did return. This testimony was excluded and the defendant excepted. This testimony, if admitted, would have tended to show the plaintiff's necessities, his situation and circumstances while in the west and just before he came to his father's house, the reason for his coming, the circumstances under which he entered his father's family, and explain and rebut the circumstances disclosed by the

plaintiff's evidence. It was admissible upon the issue respecting the mutual understanding and expectation of the parties, and it was error to exclude it; and, for this error, a new trial must be granted.

*Judgment reversed and cause remanded.*