## HELEN PARKHURST *vs.* JOSEPH KRELLINGER.

January Term, 1897.

Present:   ROSS, C. J., TAFT, ROWELL, TYLER and START, JJ.

*Parent and Child—Implied Promise—Evidence.*

The fact that a daughter is of full age and emancipated is no reason why the father may not be found liable for care and support furnished her at his request and under circumstances which justify the inference that payment was contemplated on both sides.

The defendant claiming that his daughter was over eighteen years of age was properly allowed to show that, before any controversy had arisen, he had made for her a birthday party at which there was a cake with figures thereon indicating her age.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury at the September Term, 1894, Washington County, *Munson*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

It appeared that the board and nursing were necessaries, and the plaintiff's evidence tended to show that the daughter was a non-emancipated minor. But the plaintiff claimed that since the daughter was still a member of the defendant's household the defendant would be liable, on an implied contract, by reason of his relationship and the fact that the daughter would be a public charge without his support, even though the daughter were over eighteen years of age. But the court held otherwise, and charged the jury upon this point as quoted in the opinion.

*John W. Gordon* for the plaintiff.

There was evidence tending to show an implied promise and that question should have been submitted to the jury. *Gordon* v. *Potter*, 17 Vt. 353; *Thayer* v. *White*, 12 Met. 343; *Paddock* v. *Kittredge*, 31 Vt. 378, 383.

The evidence as to the figures upon the birthday cake should have been excluded as hearsay. The declaration was not against the defendant's interest. It was no more admissible than would have been a letter written by the defendant. *Higham* v. *Ridgway*, 10 East. 109; *Barber's Admr.* v. *Bennett*, 62 Vt. 50; *Godding* v. *Orcutt*, 44 Vt. 54; *Freeborn* v. *Smith*, 2 Wall. 160; *Towle* v. *Stevenson*, 1 Johns. Cas. 110; *Baker* v. *Kelly*, 41 Miss. 696: 93 Am. Dec. 274 and note.

*R. A. Hoar* for the defendant.

The plaintiff claimed to recover first on the ground of an express promise; second on the ground of an implied promise arising from the fact, which her evidence tended to show, that the daughter was a non-emancipated minor; third, on the ground of an implied promise arising from the fact that the services were necessary and the child still a member of

her father's household.  Upon the first claim the jury must
have found, under the charge, that there was no express
promise; upon the second, that the daughter was of age
and emancipated; and as to the third claim they were
properly charged that the father was not liable upon an
implied promise.

START, J.  This action is brought to recover for boarding
and nursing Nellie Krellinger, an unmarried daughter of the
defendant.  It appeared that Nellie had been ill for some
weeks before going to the plaintiff's house, during which
time she had been at her father's home; that, for some time
previous to her illness, but for how long a time did not
appear, Nellie had been away at work, and, while so away,
was taken sick and returned to her father's house; that,
during her illness, she had no means for her support and was
unable to support herself by work; and that her father was
possessed of sufficient means to provide for her.  It
appeared that Nellie's mother was a person of violent
temper and was frequently intoxicated.  The plaintiff's
evidence tended to show, that the mother, at this time, had
a strong dislike for Nellie; that, on the occasion of Nellie's
leaving her father's home before going to the plaintiff's
house, she had beaten her so that she was insensible and
driven her from home; that the defendant was unable
to control his wife's conduct toward Nellie; and that it
would have endangered Nellie's life to have remained at
home with her mother.  It appeared that Sarah Parkhurst,
a daughter of the plaintiff, had been at the defendant's
taking care of Nellie and had refused to remain any longer,
and that Nellie left the defendant's house with the plaintiff
and her daughter and went to the house of one McCarty,
and from there, soon after, went to the plaintiff's house.
The plaintiff's evidence tended to show, that she boarded
and nursed Nellie upon the credit of the defendent; that
defendant was present when Nellie left home and made no
objection to her going; that he told the plaintiff while Nellie

was at McCarty's to take Nellie up to her house and give her a good home and take good care of her, and he would see that she had her pay for it. The evidence further tended to show, that, soon after Nellie went to the plaintiff's house, the defendant came there; and that the plaintiff then asked him if he was willing Nellie should stay there, and he said he was, telling her to keep her and he would see that she had her pay. The court instructed the jury, among other things, as follows: "Now, if you find from the evidence that Nellie Krellinger was over eighteen years of age at the time these services were rendered, then the plaintiff is not entitled to recover upon the ground of an implied promise; but she can still recover upon the ground of an express promise, if you find from the evidence that the express promise was made." The plaintiff excepted to the instruction, that, if they found that Nellie was over eighteen years of age, the plaintiff could not recover upon an implied promise.

We think the instruction excepted to was error. The evidence tended to show facts and circumstances from which the jury should have been at liberty to have found a contract in fact. They must have understood from the instruction that they were not at liberty to find such contract, unless they found that the defendant promised in express words. To entitle the plaintiff to recover, it was not necessary that the jury should find that the defendant said that he would pay, or that he said he would see that the plaintiff was paid. If the defendant told the plaintiff to take his daughter to her house, give her a good home, and take good care of her, such facts, taken in connection with other facts and circumstances which the evidence tended to show; such as the fact, that the daughter was sick, needed shelter, food, lodging and care, and was unable to provide them; that, while she was at home, her life was in danger; that, while sick, she had been driven from home by her mother; that the defendant was her father and able and willing to provide for her, would justify a finding that the defendant expected to pay

for the service, and the plaintiff expected to receive payment from him. Such mutual expectation, under the circumstances disclosed by the evidence, would constitute a contract in fact and entitle the plaintiff to recover. Chitty on Contracts, 17, 18; *Gordon* v. *Potter*, 17 Vt. 348; *Goetschins* v. *Hunt*, 5 N. Y. Supp. 307; *Patton's Exr.* v. *Hassinger*, 69 Pa. St. 311; *Wood* v. *Gill*, 1 N. J. L. 449; *Ives* v. *Hulet*, 12 Vt. 314; *Swain* v. *Tyler*, 26 Vt. 9; *Rowell* v. *Vershire*, 62 Vt. 405.

The defendant claimed that his daughter was over eighteen years of age, and, upon this issue, was allowed to show that she had a birthday party, on which occasion there was a birthday cake with figures thereon indicating her age. The party was before the controversy arose and at a time when the defendant could have no motive in representing the age of his daughter to be different from what it was in fact; and we think the evidence must be regarded as in the nature of an act of the defendant that rendered his claim more probable, and was admissible.

*Judgment reversed and cause remanded.*