IN RE BRYANT'S ESTATE, ADA J. CLEVERLY, Claimant.

October Term, 1900.

Present: TAFT, C. J., TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed May 9, 1901.

*Contracts implied in fact—Case of no contract without a finding of a mutual expectation of payment*—An aunt had a standing invitation to visit her nephew and his wife at their home, and upon becoming worse from a chronic disease, asked her nephew to escort her there. This he did and she remained there about three months, receiving much necessary care and attention from her nephew's wife.    These facts did not constitute a contract without the further fact of a mutual expectation of payment, and such expectation could not be inferred in law, but, if it existed, was for the triers of the facts to infer or otherwise find.

APPEAL from a disallowance of a claim by commissioners. The claimant declared in assumpsit. Trial by court, Windham County, October Term, 1900, *Munson*, J., presiding. The court on facts found rendered judgment for the estate. The claimant excepted.

*D. E. Brong* and *Edward H. Deavitt* for the claimant.

· *Tarbell & Whitham* and *William E. Johnson* for the estate.

STA· ORD, J.   This was an appeal from a disallowance by commiss¹ · ers upon the estate of Salome T. Bryant, deceased, with a d laration in the common counts in assumpsit. The trial belo . was by the court, which found and filed a statement of the facts, and thereupon rendered judgment for the defendant estate. The claimant excepted; and the question here is upon the correctness of the judgment.

The deceased was an aunt of the claimant's husband. The claimant and her husband lived together in the marriage relation at Lockport, N. Y., keeping house without servants, the wife doing the work and the husband furnishing the supplies. Mrs. Bryant had never visited them during their residence there but had had a standing invitation from both to do so. She had been employed in a training school connected with Bellevue Hospital, but had a house at Royalton, Vt., where she passed her vacations.   She had a chronic disease affecting the kidneys, and, being worse in the summer of 1898, wrote the claimant's husband requesting him to come to New York and escort her to Lockport, which he did.   She remained at their home from June 22nd to September 20th confined to her bed three weeks of the time and so feeble the rest of the time as to require much care and attention.   Her disease was such that she soiled the bed clothes and her own clothing, and these were washed by Mrs. Cleverly.   While confined to her bed she

16

was watched nights, part of the time by the claimant and part of the time by Mr. Cleverly. The general care and attention was by the wife with some incidental assistance from the husband. In speaking of what was being done for her, Mrs. Bryant frequently said that Mrs. Cleverly should be well paid for it.

The other facts relate to the right of the claimant, as a married woman, to maintain this proceeding, and become immaterial in view of our decision.

Do the facts found amount in law to a contract ? If they do the judgment was erroneous, if not, it was correct.

It is to be observed that this is not a naked case of valuable services rendered upon special request with no circumstances tending to color or qualify the natural and ordinary inference of an expectation to make and receive payment. The aunt did indeed send for the nephew to come and escort her to his home, but there is the qualifying fact that she had a standing invitation to visit them. It is found that she said the claimant should be well paid, but it is not found that she said so to the claimant, nor that the claimant knew of it or relied upon it, nor indeed that the claimant expected to be paid. If from the facts and circumstances reported the court had inferred and found the further fact of mutual expectation to pay and be paid, the contract would be complete; but such inference is an inference of fact, not of law, and could be made only by the triers of the fact. In this respect the case is ruled by *Bliss* v. *Hoyt's Est.*, 70 Vt. 534. There, the referee having made such a finding as the court in the present case omitted to make, it was objected that such inference was an implication of law and therefore beyond his province; but this court held it to be a finding of fact strictly and exclusively. The distinction between contracts implied in law and contracts implied in fact has been made so clear in recent decisions of the court that no

further treatment of the subject can be necessary.   In addition to *Bliss* v. *Hoyt's Est.*, already cited, see *Johnson* v. *B. & M. R. Co.,* 69 Vt. 521, 524; *Westcott* v. *Westcott's Est.,* 69 Vt. 234; *Parkhurst* v. *Krellinger,* 69 Vt. 375; *Security Co.* v. *Bennington Monument Association,* 70 Vt. 201.

We must assume that the court failed to find the fact of a mutual expectation of payment because the evidence failed to convince it that it was true.

*Judgment and certificate affirmed.*